UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

WILLIAM A. DOUGHERTY,

                               Plaintiff,

             -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S
OFFICE, "JANE" TORREZ, JOHN DOE OFFICER G,
JANE DOE OFFICER N, JOHN DOE OFFICER W, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                               Defendants.

-------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

Plaintiff WILLIAM A. DOUGHERTY, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      At all relevant times, plaintiff, WILLIAM A. DOUGHERTY was incarcerated at the Riverhead Correctional Facility, 100 Center Drive, Riverhead, New York.   At all relevant times, he was a pre-trial detainee.

7.      Defendant COUNTY OF SUFFOLK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant COUNTY OF SUFFOLK maintains Suffolk County Sheriff's Office (hereinafter referred to as "SCSO"), a duly authorized public authority tasked with operating the Suffolk County Correctional System, including the Riverhead Correctional Facility, and which is authorized to perform all functions of the correction system as per the applicable sections of the aforementioned municipal corporation, COUNTY OF SUFFOLK.

9.      That at all times hereinafter mentioned, the individually named defendants "JANE" TORREZ, JOHN DOE OFFICER G, JANE DOE OFFICER N, JOHN DOE OFFICER W, JOHN and JANE DOE 1 through 10, were duly sworn correction officers of said system and were acting under the supervision of said system and according to their official duties.   Pursuant to either an official or informal policy or practice, correction officers at Riverhead Correctional Facility do not wear name tags or disclose their names to inmates.

2

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or County of Suffolk.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF SUFFOLK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant COUNTY OF SUFFOLK.

## FACTS

13. Plaintiff WILLIAM A. DOUGHERTY complains that as a result of the defendant correction officers' failure to heed plaintiff's reports of violent threats from three inmates in his pod, 1 East North, in the Riverhead Correctional Facility, as a result of the defendant officers' failure to properly supervise, monitor and secure inmates in said pod, and due to the unconstitutional policies, customs and/or practices of defendant County of Suffolk and the SCSO, on August 24, 2012 at approximately 6:30 p.m., he was brutally assaulted in said pod by, upon information and belief, inmates Dennis Carroll, William Bennett, and Ivan Torres, causing serious physical injuries to plaintiff.

14. Beginning in approximately June 2012 and continuing up to August 24, 2012, inmates Carroll, Bennett, and Torres repeatedly harassed and threatened plaintiff, and left threatening notes on plaintiff's cell door.

15. On multiple occasions throughout June, July, and August, 2012, prior to August

3

24, 2012, plaintiff reported to the defendant officers, including defendant officer TORREZ, OFFICER G, OFFICER N, and OFFICER W that plaintiff feared for his safety as a result of the violent threats he had received from inmates Carroll, Bennett and Torres.

16.     On multiple occasions throughout June, July and August, 2012, prior to August 24, 2012, plaintiff reported to the defendant officers, in sum and substance, but not limited to: that inmates Torres, Carroll, and Bennett were gang members; that said inmates had accused him of being a "rat;" and that said inmates stated that they were going to "fuck [plaintiff] up," "cut" plaintiff, "jump" plaintiff, and hurt plaintiff.

17.     On multiple occasions throughout June, July, and August, 2012, prior to August 24, 2012, plaintiff reported to the defendant officers, in sum and substance, that plaintiff was scared and afraid that inmates Torres, Carroll, and Bennett would cause serious harm to plaintiff, and that the threats were getting worse.   Plaintiff requested that the defendant officers immediately transfer plaintiff to another pod, or immediately transfer said inmates to another pod.

18.     Prior to August 24, 2012, plaintiff showed OFFICER TORREZ a note which had been left on his cell door which read, in letters cut out of a newspaper, "you're dead rat." Plaintiff explained that the note was consistent with the same verbal threats he had received from inmates Torres, Carroll and Bennett.

19.     Prior to August 24, 2012, plaintiff showed OFFICER N another note left on plaintiff's cell door which contained a photo of a police vehicle and which stated "you're dead motherfucker."   Plaintiff explained that the note was consistent with the same verbal threats he had received from inmates Torres, Carroll and Bennett.

20.     Prior to August 24, 2012, plaintiff repeatedly spoke to OFFICER G about the

4

above mentioned threats and notes.

21.     On multiple occasions throughout June, July, and August, 2012, prior to August 24, 2012, plaintiff stated to the defendant officers, in sum and substance, that it was not safe for him to be in the pod with said inmates, and that he feared for his safety and well-being.

22.     On multiple occasions throughout June, July, and August, 2012, prior to August 24, 2012, plaintiff requested that the defendant officers immediately transfer plaintiff out of the pod for his safety, or that the inmates threatening plaintiff be immediately  transferred out of plaintiff's pod.

23.     Eventually, after weeks of threats and reports, the defendants moved inmate Torres out of plaintiff's pod, however, inmates Carroll and Bennett remained in plaintiff's pod.

24.     After inmate Torres was transferred, inmates Carroll and Bennett continued to threaten plaintiff with physical injury, and continued to leave threatening notes on plaintiff's cell door.

25.     Plaintiff reported the continued threats he had received from inmates Carroll and Bennett to the defendant officers, including OFFICER W, informing them that Carroll and Bennett called plaintiff a "rat," and told plaintiff that he would be "dead."  Again, plaintiff requested that the defendant officers immediately transfer plaintiff out of the pod for his safety or immediately transfer inmates Carroll and Bennett.

26.     Thereafter, inmate Torres was transferred back into plaintiff's pod, 1 East North pod.

27.     After inmate Torres' return, inmates Torres, Carroll and Bennett continued to threaten plaintiff as described above, stating to plaintiff, in sum and substance, that they would cause serious bodily injuries to plaintiff.

5

28.     Plaintiff again reported the continued threats to the defendant officers, including but not limited to, OFFICER W and OFFICER G. Plaintiff again told the defendant officers that plaintiff did not feel safe and requested an immediate transfer out of the pod or the immediate transfer of the inmates who were threatening plaintiff.

29.     The defendant officers did neither transfer plaintiff nor said inmates from the 1 East North pod.

30.     In addition, prior to August 24, 2012 and thereafter, the officers assigned to the floor post of the 1 East North pod, were rarely present at that assigned post, and the floor post were routinely left unmonitored.

31.     Prior to August 24, 2012 and thereafter, the officers assigned to the floor post in the dorm areas throughout the Riverhead Correctional Facility, were rarely present at those assigned post, and the floor post were routinely left unmonitored.

32.     On August 24, 2012, at approximately 6:30 p.m., plaintiff was present in the 1 East North pod watching television.

33.     At said date and time, the defendant officer assigned to the "floor" post of the 1 East North pod was not present at that assigned post.

34.     At said date and time, the defendant officer assigned to the "bubble" post, overlooking the 1 East North pod, was not present at that assigned post.

35.     At said date and time, the defendant officer assigned to the "floater" post for the 1 East North pod, was not present in the 1 East North pod.

36.     While plaintiff was watching television, and the pod was unmonitored and unsupervised, inmates Torres, Carroll, and Bennett attacked plaintiff.

37.     Plaintiff was first struck in the head from behind by inmates Torres, Carroll and

6

Bennett.

38.    When plaintiff stood up in response to being struck, inmates Torres, Carroll and Bennett beat plaintiff to the ground.

39.    Once on the ground, plaintiff was further beaten by said inmates. In particular, inmate Carroll stomped on plaintiff's left ankle, fracturing plaintiff's ankle, and inmate Torres kneed plaintiff in his right eye, fracturing plaintiff's skull.

40.    The brutal assault continued, without intervention, for approximately three minutes, during which time the defendant officers neither assisted plaintiff, nor acted to intervene and stop the brutal assault perpetrated upon plaintiff, until defendant OFFICER N, who was assigned to the woman's side of said dorm, saw the commotion and called a "lock-in" over the loudspeaker.

41.    The defendant officers did not intervene to assist plaintiff and stop the assault because the defendant correction officers assigned to monitor the 1 East North pod were not present at their assigned posts.

42.    Upon information and belief, the defendant officers implicitly or explicitly sanctioned this attack as none of the officers were at their proper post during the incident, and none of the defendant officers took any action to ensure plaintiff's safety in response to plaintiff's reports that he was in fear due to the violent threats he had received.

43.    As a result of the above detailed brutal assault, plaintiff sustained a fractured left ankle, a fractured right orbital, and injuries to his right shoulder.

44.    Plaintiff underwent two surgeries, on September 5, 2012, and on December 5, 2012, at Peconic Bay Medical Center, to repair his left ankle.

45.    Plaintiff's injuries were a direct result of the defendants' inadequate and/or

7

deliberate and/or negligent failure to protect plaintiff.

46.     After plaintiff underwent his second surgery, plaintiff's surgeon ordered plaintiff to undergo physical therapy.

47.     Despite the doctor's orders, which were transmitted to Riverhead Correctional Facility, plaintiff was never provided with the physical therapy ordered and required for plaintiff to recover from his ankle surgery.  To date, plaintiff has not fully rehabilitated from the ankle surgery

48.     The aforesaid event is not an isolated incident.  Defendant COUNTY OF SUFFOLK is aware (from lawsuits, prior incidents, notices of claims, media coverage, and complaints filed) that many SCSO correction officers, including the defendants, are insufficiently trained regarding the proper protection of inmates, that SCSO officers engage in a practice of not properly monitoring the dorm areas, thereby sanctioning inmate-on-inmate assaults and violence, and that Suffolk County provided inadequate medical treatment to inmates.  For example, regarding inadequate treatment of prisoners, *see Patricia Dillon v. Suffolk County, et al.*, 07 CV 4722 (ADS) (WDW), detailing examples of sub-standard and inadequate treatment by the jail medical unit at Riverhead Correctional Facility.

49.     Defendant COUNTY OF SUFFOLK is further aware that such improper training and practices, including routinely leaving the pod floor posts unmonitored and failing to provide adequate treatment to inmates, has often resulted in a deprivation of civil rights and injuries to inmates in their custody.

50.     Despite such notice, defendant COUNTY OF SUFFOLK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights and resulted in plaintiff's injuries.

8

51.     Moreover, upon information and belief, defendant COUNTY OF SUFFOLK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as correction officers. Despite such notice, defendant COUNTY OF SUFFOLK has retained these officers, and failed to adequately train and supervise them.

52.     As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY sustained, *inter alia*, severe physical injuries, emotional distress, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

55.     All of the aforementioned acts deprived plaintiff WILLIAM A. DOUGHERTY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

56.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

57.     The acts complained of were carried out by the aforementioned individual

9

defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the COUNTY OF SUFFOLK and the SCSO Department of Correction, all under the supervision of ranking officers of said department.

58. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59. As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deliberate Indifference to Safety/Failure to Protect under 42 U.S.C. § 1983)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants knew of and disregarded the excessive risk of harm to plaintiff's health and safety.

62. As a result of the aforementioned conduct of defendants, plaintiff WILLIAM A. DOUGHERTY was severely injured by inmates Torres, Carroll and Bennett and sustained physical injuries.

63. As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

10

## AS AND FOR A THIRD CAUSE OF ACTION
### (Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

66.     As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Defendants had an affirmative duty to intervene on behalf of plaintiff WILLIAM A. DOUGHERTY, whose constitutional rights were being violated in their presence by inmates Torres, Carroll and Bennett.

69.     The defendants failed to intervene to prevent the unlawful conduct described herein.

70.     As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY was put in fear of his safety, and subjected to unjustified physical abuse. Further, plaintiff sustained severe

11

and permanent physical injuries.

71.     As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees and dangerous inmates in their care, custody and control.

74.     As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

12

77.     As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY was deprived of his right to substantive due process, causing severe and permanent emotional and physical injuries.

78.     As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

79.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

81.     The aforementioned customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK Department of Correction included, but were not limited to, failing to protect inmates wherein defendants knew of and disregarded the excessive risk of harm to an inmate's health and safety posed by other dangerous inmates and/or engaging in a practice of sanctioning inmate-on-inmate assaults and/or failing to adequate supervise, monitor and control inmates.

82.     In addition, the COUNTY OF SUFFOLK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff WILLIAM A. DOUGHERTY'S rights as

described herein. As a result of the failure of the COUNTY OF SUFFOLK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF SUFFOLK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

83.    The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCSO constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff WILLIAM A. DOUGHERTY.

84.    The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCSO were the direct and proximate cause of the constitutional violations suffered by plaintiff WILLIAM A. DOUGHERTY as alleged herein.

85.    The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCSO were the moving force behind the Constitutional violations suffered by plaintiff WILLIAM A. DOUGHERTY as alleged herein.

86.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF SUFFOLK and the SCSO, plaintiff WILLIAM A. DOUGHERTY was subjected to physical abuse.

87.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff WILLIAM A. DOUGHERTY'S constitutional rights.

88.    All of the foregoing acts by defendants deprived plaintiff WILLIAM A. DOUGHERTY of federally protected rights, including, but not limited to, the right:

      A.    To be free from the failure to protect;

      B.    To be free from the failure to intervene;

14

C.      To be free from violation of substantive due process rights; and

D.      To be free from supervisory liability.

89.    As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

90.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the COUNTY OF SUFFOLK and SCSO, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

92.    The COUNTY OF SUFFOLK and the SCSO has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

93.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

94.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

95.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

15

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress under the laws of the State of New York)

96.     Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

98.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant COUNTY OF SUFFOLK.

99.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant COUNTY OF SUFFOLK.

100.    The aforementioned conduct was negligent and for the sole purpose of causing severe emotional distress to plaintiff WILLIAM A. DOUGHERTY.

101.    As a result of the aforementioned conduct, plaintiff WILLIAM A. DOUGHERTY suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and permanent scarring.

102.    As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

103.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein

104.    Upon information and belief, defendant COUNTY OF SUFFOLK failed to use

16

reasonable care in the screening, hiring and retention of the aforesaid defendants.

105.    Defendant COUNTY OF SUFFOLK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

106.    As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

107.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Upon information and belief the defendant COUNTY OF SUFFOLK failed to use reasonable care in the training and supervision of the aforesaid defendants.

109.    As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

110.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant COUNTY OF SUFFOLK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112.    As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Gross Negligence under the laws of the State of New York)

113.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Plaintiff's injuries herein were caused by the carelessness, recklessness, gross negligence, and negligence of the defendant County of Suffolk and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115.    As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

116.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

18

paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117. Defendant COUNTY OF SUFFOLK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

118. As a result of the foregoing, plaintiff WILLIAM A. DOUGHERTY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff WILLIAM A. DOUGHERTY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury:

(B)     punitive damages against the individual defendants in an amount to be determined by a jury:

(C)     reasonable attorneys' fees and the costs and disbursements of their action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        November 22, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff WILLIAM A.
DOUGHERTY
45 Main St., Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:     _____
        BRETT H. KLEIN (BK4744)

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

WILLIAM A. DOUGHERTY,

                             Plaintiff,

         -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S
OFFICE, "JANE" TORREZ, JOHN DOE OFFICER G,
JANE DOE OFFICER N, JOHN DOE OFFICER W, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                          Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100