```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WILLIAM A. DOUGHERTY,

                Plaintiff,
                                          MEMORANDUM & ORDER
       -against-                          13-CV-6493(JS)(AKT)

COUNTY OF SUFFOLK, SUFFOLK COUNTY
SHERIFF'S OFFICE, RAMONA TORRES,
Individually, JOHN GARGIULO,
Individually, DENISE NEEDHAM,
Individually, THOMAS WILSON,
Individually, SALVATORE SALVAGGIO,
Individually, MICHAEL PFENNIN,
Individually, KENNETH WARNER,
Individually, and JOHN and
JANE DOE 1 through 10, Individually,

                Defendants.
----------------------------------------X
```

APPEARANCES
For Plaintiff:      Brett H. Klein, Esq.
                    Brett H. Klein, Esq. PLLC
                    305 Broadway, Suite 600
                    New York, NY 10007

                    Jason Leventhal, Esq.
                    Leventhal Law Group, P.C.
                    45 Main Street, Suite 230
                    Brooklyn, NY 11201

For Defendants:     Kyle O. Wood, Esq.
                    Brian C. Mitchell, Esq.
                    Susan A. Flynn, Esq.
                    Office of the County Attorney
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    PO Box 6100
                    Hauppauge, NY 11788

SEYBERT, District Judge:

       Plaintiff William Dougherty ("Plaintiff"), an inmate at the Suffolk County Correctional Facility ("SCCF"), commenced this

action against Suffolk County, the Suffolk County Sheriff's Department, and numerous Correctional Officers who work at SCCF (collectively, "Defendants"), claiming Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff also brings several state law causes of action for negligence. Pending before the Court is Defendants' motion for summary judgment. (Docket Entry 49.) Defendants argue that this case should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies at SCCF. Although Plaintiff admits he did not file a grievance concerning the subject matter of this dispute, he argues that he was not required to do so because SCCF's administrative procedures were never made available to him. For the reasons that follow, a hearing is necessary to determine whether administrative remedies were available to Plaintiff following the incidents he complains of.

BACKGROUND

Plaintiff alleges in the Amended Complaint that, while he was incarcerated, he reported numerous threats of violence by other inmates. However, Plaintiff asserts that Defendants did nothing to address the threats. Plaintiff specifically alleges that "throughout June, July and August 2012," he reported that three inmates housed within his "pod" were gang members; that they accused him of being a "rat"; and that they threatened to "cut

2

[him]," "jump [him]," and generally "hurt" him. (Am. Compl., Docket Entry 14, ¶¶ 13, 16.) In addition, Plaintiff claims he showed Defendant Ramona Torres a note left on his cell door which read, "you're dead rat," and showed Defendant Denise Needham another note which read, "you're dead motherfucker." (Am. Compl. ¶¶ 18-19.)

Although, Plaintiff repeatedly asked to be transferred out of his pod because he feared for his safety, Plaintiff claims his requests were ignored. (Am. Compl. ¶¶ 21-22.) Then, on August 24, 2012, while his pod was allegedly "unmonitored and unsupervised," Plaintiff claims he was brutally assaulted by the very inmates who threatened him. (Am. Compl. ¶¶ 37-41.) Based upon these facts, Plaintiff alleges Defendants violated his constitutional rights and were negligent. (See Am. Compl. ¶¶ 54-119.)

I. SCCF's Grievance Procedure

Defendants argue that Plaintiff's case should be dismissed because Plaintiff did not exhaust the administrative remedies available to him at SCCF. (Defs.' Br., Docket Entry 49-4, at 3-14.) There is no dispute that Plaintiff did not file a grievance concerning the incidents which are the subject of this lawsuit. (See Pl.'s 56.1 Counterstmt., Docket Entry 59, ¶ 3.) However, Plaintiff asserts that because he was unaware of SCCF's

3

grievance procedure, the grievance procedure was not available to him. (Pl.'s 56.1 Counterstmt. ¶ 3.)

According to an affidavit submitted by Matthew Bogert, a Corrections Sergeant in the Suffolk County Sheriff's Department, SCCF's grievance procedure is described within the Inmate Handbook and "Inmates are provided with the Inmate Handbook upon entering the facility." (Bogert Aff., Docket Enty 50-1, ¶ 4.) Plaintiff signed forms acknowledging that he received the Inmate Handbook on three different occasions--June 25, 2007, October 15, 2007, and November 4, 2011. (See Mitchell Decl. Exs. 3-8, Docket Entries 49-7 - 49-12.) Plaintiff suggests these documents should be given little weight, however, because he signed them during the "coercive and intimidating" intake process. (Dougherty Decl., Docket Entry 58, ¶¶ 3-8.) Moreover, Plaintiff testified at his deposition that he never received an Inmate Handbook, stating "I've never had a handbook in my hand out of all the times I've been in jail." (Dougherty Dep., Docket Entry 57-1, 67:15-21, 68:8-10.)

The portion of the Inmate Handbook addressing SCCF's grievance procedure states that "[a]n inmate must file a grievance within (5) five days of the date of the act or occurrence giving rise to the grievance" to start the grievance process, and lists several avenues of appellate review if an inmate receives an unfavorable decision. (Inmate Handbook, Docket Entry 49-14, at 15-16.) According to Defendants Pfennin, Needham, and Torres,

4

inmates could obtain grievance forms by either asking a corrections officer for one, or asking for one in the law library. (See Needham Dep. Docket Entry 57-3, 31:7-21; 31:22-32:2; Torres Dep., Docket Entry 57-4, 57:16-58:5; Pfennin Dep., Docket Entry 57-2, 86:22-87:20.

DISCUSSION

I. Legal Standard

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011) (citation omitted); see also FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997). The burden of proving that there is no genuine issue of material fact rests with the moving party. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994) (citing Heyman v. Com. & Indus. Ins. Co., 524 F.2d 1317,

1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 218 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000), superseded by statute on other grounds as stated in Ochei v. Coler/Goldwater Mem'l Hosp., 450 F. Supp. 2d 275, 282 (S.D.N.Y. 2006).

## II. Exhaustion of Administrative Remedies

Defendants argue that Plaintiff's Section 1983 claims must be dismissed because he failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (the "PLRA"). (Defs.' Br. at 3-14.) Plaintiff argues, in opposition, that administrative remedies were not available to him and thus issues of fact exist regarding Defendants' exhaustion defense. (Pl.'s Br., Docket Entry 56, at 2.)

Under the PLRA, an inmate must exhaust all available administrative remedies prior to commencing an action challenging the conditions of his incarceration. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under

6

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The PLRA exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 524-25. To properly exhaust administrative remedies, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'--rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 922, 166 L. Ed. 2d 798 (2007) (quoting Woodford v. Ngo, 548 U.S. 81, 88, 126 S. Ct. 2378, 2384, 165 L. Ed. 2d 368 (2006)).

However, "[t]he PLRA does not require the exhaustion of all administrative remedies, but only those that are 'available' to the inmate." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (quoting 42 U.S.C. § 1997e(a)). "Because failure to exhaust is an affirmative defense, defendants bear the initial burden of

7

establishing, by pointing to 'legally sufficient source[s]' such as statutes, regulations, or grievance procedures, that a grievance process exists and applies to the underlying dispute." Hubbs v. Suffolk Cty. Sheriff's Dep't, 788 F.3d 54, 59 (2d Cir. 2015) (internal citations omitted; alterations in original). Moreover, any factual disputes regarding Defendant's failure to exhaust must be decided by the Court as a matter of law. Id.[1]

"The test for deciding the availability of grievance procedures is an objective one: that is, the court asks whether 'a similarly situated individual of ordinary firmness' would have deemed them available." White v. Dep't of Corr., No. 11-CV-9254, 2013 WL 1209567, at *3 (S.D.N.Y. Mar. 21, 2013) (quoting Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003)). If Defendants can show that administrative remedies were in fact available to Plaintiff, "administrative remedies may nonetheless be deemed unavailable if the plaintiff can demonstrate that other factors--for example, threats from correction officers--rendered a nominally available

---

[1] See also Messa v. Goord, 652 F.3d 305, 310 (2d Cir. 2011) ("the Seventh Amendment does not guarantee a jury trial on factual disputes regarding administrative exhaustion under the PLRA"); Abdur-Rahman v. Terrell, No. 10-CV-3092, 2012 WL 4472119, at *5 (E.D.N.Y. Sept. 25, 2012) ("Determining whether an inmate has exhausted his remedies is a threshold matter for the court to decide, even where there is a disputed issue of fact."); Burgess v. Garvin, No. 01-CV-10994, 2004 WL 527053, at *4 (S.D.N.Y. Mar. 16, 2004) ("While the existence of a remedy is a matter of law courts in this District treat the question of whether an administrative remedy is available as a mixed question of law and fact.") (internal citation omitted).

8

procedure unavailable as a matter of fact." Hubbs, 788 F.3d at 59 (citation omitted).

"District Courts have have consistently held that an administrative remedy is not available to an inmate who is not informed of the grievance procedure." Rivera v. N.Y. City, No. 12-CV-0760, 2013 WL 6061759, at *5-7 (S.D.N.Y. Nov. 18, 2013); Arnold v. Goetz, 245 F. Supp. 2d 527, 538 (S.D.N.Y. 2003) ("An institution keeps an inmate ignorant of the grievance procedure when correctional officials either fail to inform him of the procedure altogether or fail to provide him with access to materials which could otherwise educate him about the use of that process."); Burgess v. Garvin, No. 01-CV-10994, 2004 WL 527053, at *5 (S.D.N.Y. Mar. 16, 2004) (denying summary judgment on the issue of exhaustion because Plaintiff presented evidence that prisoners were unaware of relevant grievance procedures). In Rivera, for example, the plaintiff claimed he did not receive a copy of the Inmate Handbook despite having signed a form indicating that he did receive a copy. Rivera, 2013 WL 6061759, at *5. As evidence of Defendants' failure to provide the handbook, the plaintiff submitted declarations from other prisoners who also claimed they were not issued an Inmate Handbook despite having signed identical forms. Id. In light of the competing evidence, the court held that a genuine issue of material fact precluded granting summary judgment in defendant's failure on the issue of exhaustion. Id.

Just like the facts of Rivera, in this case, Plaintiff testified he was unaware of the grievance procedures at SCCF and that he never received a copy of the Inmate Handbook. However, Defendants also submitted documentary evidence and an affidavit from Sgt. Bogert which directly contradicts Plaintiff's claim. Sgt. Bogert asserts that Plaintiff signed forms acknowledging that he received the Inmate Handbook and that inmates are issued a copy of the Handbook upon entering SCCF. Given this competing evidence, there is an issue of fact as to whether the grievance procedure at SCCF was available to Plaintiff when the alleged assault took place. A factual hearing is therefore necessary to allow the Court to weigh the evidence and rule on Defendants' exhaustion defense prior to trial.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

Since the availability of administrative remedies is a mixed question of law and fact, a hearing is necessary to determine whether administrative remedies were available to Plaintiff. Defendants are therefore directed to inform the Court on or before August 15, 2016, whether they intend to waive their exhaustion argument, or if they wish to participate in a factual hearing to resolve the issue. Defendants' motion for summary judgment (Docket Entry 49) is thus DENIED WITHOUT PREJUDICE and will be reinstated if Defendants prevail following the hearing. In addition, Defendants' request to substitute an exhibit (Docket Entry 50) is GRANTED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July __25__, 2016
       Central Islip, New York