**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
WILLIAM A. DOUGHERTY,

                        Plaintiff,

                   - against -

COUNTY OF SUFFOLK, SUFFOLK COUNTY
SHERIFF'S OFFICE,[1] RAMONA TORRES,
individually, JOHN GARGIULO, individually,
DENISE NEEDHAM, individually, THOMAS
WILSON, individually, SALVATORE
SALVAGGIO, individually, MICHAEL
PFENNIN, individually, KENNETH WARNER,
individually, and JOHN and JANE DOE 1 – 10,
individually,

                        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

CV 13-6493 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.   PRELIMINARY STATEMENT**

Plaintiff William Dougherty ("Plaintiff") moves *in limine* for an Order precluding admission of evidence, testimony, or suggestion of (1) Plaintiff's pre-incident history of arrests, incarcerations, or convictions; (2) the underlying circumstances surrounding the arrest which led to Plaintiff's incarceration at the time of the alleged incident in this case, his post-incident conviction arising from said arrest, and any other details relating thereto; (3) Plaintiff's employment and unemployment history; and (4) any prior lawsuits filed by Plaintiff. *See*

---

[1] The Suffolk County Sheriff's Office is not a suable entity. The Court will address this issue with counsel as well as the "John" and "Jane Does" listed in the caption prior to commencement of the trial.

*generally* Plaintiff's Memorandum of Law in Support of his Motion in Limine ("Pl.'s Mem.") [DE 79]. Defendants County of Suffolk, Ramona Torres, John Gargiulo, Denise Needham, Thomas Wilson, Salvatore Salvaggio, Michael Pfenin, and Kenneth Warner (collectively, "Defendants"), state that they seek to introduce evidence of Plaintiff's prior convictions for impeachment purposes pursuant to Federal Rule of Evidence 609(a) and 608(b), and evidence of Plaintiff's employment history pursuant to Federal Rule of Evidence 403. *See generally* Defendants' Memorandum in Opposition ("Defs.' Opp'n.") [DE 81]. Defendants also independently move to preclude admission of evidence of Defendant Torres's 2005 DWI conviction and failure of a random drug screening in 2010, arguing such evidence is outside the scope of admissible evidence under Federal Rule of Evidence 609 and 608. *See id.* at 7-8. For the reasons set forth below, Plaintiff's motion is GRANTED and Defendants' motion is GRANTED.

## II. BACKGROUND

This lawsuit arises out of incidents which allegedly took place while Plaintiff was incarcerated at the Suffolk County Correctional Facility in 2012. Plaintiff claims that he was repeatedly threatened and harassed by three other inmates beginning in June 2012 and that this conduct continued through August 2012. Plaintiff asserts that he reported these threats as well as the fact that he feared for his safety to the individual Defendants and requested that either he be transferred or the other three inmates be transferred to another pod. Neither Plaintiff nor the three other inmates were transferred. According to Plaintiff, as a result of the Defendants' deliberate indifference to his safety, *inter alia*, he was violently assaulted by these three inmates on August 24, 2012, and suffered severe injuries.

### III.  MOTIONS *IN LIMINE*:  LEGAL STANDARD

The purpose of a motion *in limine* "is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Gorbea v. Verizon New York, Inc.*, No. 11-CV-3758, 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)); *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005). When a party moves to preclude evidence by means of an *in limine* motion, the court is required to determine preliminarily under Federal Rule of Evidence 104 whether the evidence is admissible. *See Highland Capital Mgmt., L.P.*, 379 F. Supp. 2d at 467 (citing *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01–CV–3796, 2004 WL 1970144, at *4 (S.D.N.Y. Sept. 3, 2004)). "[O]nly when the evidence is clearly inadmissible on all potential grounds" should such evidence be excluded on a motion *in limine*. *Commerce Funding Corp.*, 2004 WL 1970144 at *4 (citing *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94–CV–5520, 1998 WL 665138, at *3 (S.D.N.Y. Sept.25, 1998)); *accord Sec. Exch. Comm'n v. U.S. Envtl, Inc.*, No. 94–CV–6608, 2002 WL 31323832, at *2 (S.D.N.Y. Oct.16, 2002). Significantly, an *in limine* ruling "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer." *Highland Capital Mgmt., L.P.*, 379 F. Supp. 2d at 467 (quoting *Luce v. United States*, 469 U.S. at 41).

### IV.  DISCUSSION

At the outset, the Court points out that one of the things Plaintiff seeks to preclude is the admission of "any evidence of plaintiff's history of prior unproven arrests . . . ." Pl.'s Mem. at 3. This issue is moot since Defendants represent in their opposition papers that they are seeking to introduce five **convictions**, not arrests (emphasis added). Defs.' Opp'n. at 2. The Court will therefore only be addressing the five convictions which Defendants seek to have admitted at

trial. The Court also draws attention to the fact that the underlying claims here are based on allegations of deliberate indifference to serious medical needs and a failure to protect the Plaintiff from an assault by three other inmates at the Suffolk County Correctional Facility, resulting in Plaintiff having sustained a fractured left ankle, a fractured right orbital and right shoulder injuries. Pl.'s Mem. at 2. This is not a criminal case nor is it, for example, a Section 1983 action against police officers by a plaintiff claiming excessive force in connection with an arrest. Likewise, it is somewhat out of the norm of cases where a party is attempting to impeach the testimony of a defendant, rather than a plaintiff. These distinctions provide the framework in which the Court considers the instant motions.

### A. Evidence of Plaintiff's Pre and Post-Incident Criminal Convictions

Plaintiff moves to preclude the introduction of evidence pertaining to his pre-incident arrest, incarceration, and conviction history, arguing such information (1) is not sufficient or appropriate for impeachment purposes, and (2) is not relevant to Plaintiff's claims of deliberate indifference to safety/failure to protect, deliberate indifference to serious medical needs, and related state law negligence claims. *See* Pl.'s Mem. at 3. Plaintiff takes specific issue with the introduction of his entire incarceration history via introduction of his inmate identification records, stating that many periods of incarceration occurred more than ten years ago and did not result in convictions. *See* id. at 3-4. According to Plaintiff, these records should be excluded from evidence under Fed. R. Evid. 402 as irrelevant, under Fed. R. 404 as improper character evidence, under Fed. R. Evid. 403 and 609(b) as unduly prejudicial, and under Fed. R. Evid. 609(a)(2) as outside the scope of proper impeachment evidence. Plaintiff's counsel argues that Defendants are attempting to show Plaintiff's propensity to commit crimes.

In response to Plaintiff's motion, Defendants state they seek to introduce evidence of five convictions -- including the nature of the respective charge, the level of conviction, the underlying facts, and the sentence -- for purposes of impeaching Plaintiff's credibility. *See* Defs.' Opp'n. at 2. According to Defendants, the probative value of admitting this evidence outweighs its prejudicial effect. *Id*. Specifically, Defendants seek to introduce the following convictions:

> 1) February 7, 2013: Suffolk County Court – Plead Guilty to Five (5) Counts of Robbery in the First Degree as a Felony (NY Pen. Law 160.15(04)) sentenced to a determinate six years incarceration and five years post-release supervision, and One (1) Count of Attempted Robbery in the First Degree and One (1) Count of Attempted Robbery in the Second Degree (NY Pen. Law 110-160.10(2B)) sentenced to determinate six years incarceration and five years post-release supervision to run concurrent with other sentences.
>
> 2) October 15, 2007: Suffolk County Court – Plead Guilty to Petit Larceny (NY Pen. Law 155.25) reduced from Burglary in the Third Degree, sentenced to a conditional discharge and restitution.
>
> 3) March 1, 2005: Suffolk County Court – Plead Guilty to Attempted Criminal Possession of Stolen Property, Fifth Degree (NY Pen. Law 165.40) reduced from Criminal Possession of Stolen Property, Fifth Degree, sentenced to one year probation.
>
> 4) September 9, 2004: Suffolk County Court – Plead Guilty to Attempted Petit Larceny (NY Pen. Law 110/155.25) reduced from Petit Larceny, sentenced to one year probation.
>
> 5) November 5, 1993: Suffolk County Court – Plead Guilty to Two (2) Counts of Burglary in the Third Degree as a Felony (NY Pen. Law 140.20) sentenced to a one year incarceration and five years post-release supervision.

*Id*. The Court addresses each of these convictions in turn.

### 1. Plaintiff's 2007, 2005, 2004, and 1993 Convictions

Plaintiff's misdemeanor convictions for petit larceny (2007), attempted criminal possession of stolen property (2005) and attempted petit larceny (2004) are not "punishable by [death or] imprisonment in excess of one year." *Daniels v. Loizzo*, 986 F. Supp. 245, 249 (S.D.N.Y. 1997) (citing FED. R. EVID. 609(a)(1)). Consequently, these convictions do not come within the purview of Rule 609(a)(1) and are not admissible for impeachment purposes under that section. *See Kelly v. Fisher,* No. 86 Civ. 1691, 1987 WL 16593, at *1 (S.D.N.Y. Sept. 2, 1987) (holding misdemeanor convictions for assault and resisting arrest inadmissible under Rule 609(a)(1)). The 1993 felony burglary conviction, on the other hand, does fall within the ambit of Rule 609(a)(1). However, that conviction is inadmissible on other grounds as discussed below.

All of these misdemeanor convictions as well as the felony burglary conviction are more than ten years old. As noted above, Rule 609(b) limits the admission of evidence of criminal convictions that are too remote in time to be reliably probative of truthfulness. "Criminal convictions more than ten years old are not admissible for impeachment unless the court determines that, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect." *Daniels*, 986 F. Supp. at 249 (citing FED. R. EVID. 609(b)). Although convictions such as these may be admitted "in the interest of justice," the Second Circuit "has recognized that Congress intended that convictions more than ten years old be admitted 'very rarely and only in exceptional circumstances.'" *Id.* at 252 (quoting *Zinman v. Black & Decker, Inc*., 983 F.2d 431, 434 (2d Cir. 1993)). The Court finds that neither the misdemeanor convictions nor the felony burglary conviction at issue here present the "exceptional circumstances" warranting their admission. *Maize v. Nassau Health Care Corp.*,

No. CV 05-4920, 2012 WL 139261, at *4 (E.D.N.Y. Jan. 18, 2012). Accordingly, Plaintiff's motion to exclude these specific convictions under Rule 609(b) is GRANTED.

Notwithstanding the inadmissibility of the misdemeanor convictions under Rule 609(a)(1) and the burglary conviction under Rule 609(b), Defendants seek to admit evidence of these convictions under Fed. R. Evid. 609(a)(2), arguing that convictions for petty larceny, attempted criminal possession of stolen property and burglary each required Plaintiff to engage in acts of dishonesty sufficient to satisfy Rule 609(a)(2). *See* Defs.' Opp'n, at 4-5. The cases Defendants rely on, however, are almost exclusively cases decided in the New York state courts. This Court looks to federal cases dealing with the specific types of convictions to determine whether Rule 609(a)(2) applies in the present circumstances.

Under Rule 609(a)(2), evidence that a witness has been convicted of a crime involving "dishonesty or false statement" must be admitted regardless of the severity of the punishment or any resulting prejudice. FED. R. EVID. 609(a)(2). Rule 609(a)(2) is "restricted to convictions that bear *directly* on the likelihood that the defendant will *testify* truthfully (and not merely on whether he has a propensity to commit crimes)." *Hayes*, 553 F. 2d at 827 (emphasis in original). Convictions for armed robbery, burglary and petit larceny have been deemed to fall outside the ambit of this rule. *Id.* ("[c]rimes of force such as *armed robbery* or assault, or crimes of stealth, such as *burglary* or *petit larceny* ". . . do not come within this clause" (emphasis added). *Hayes*, 553 F.2d at 827; *see Martin v. Natl. R.R. Passenger Corp.*, 97 CIV, 8381, 1998 WL 575183, at *3 (S.D.N.Y. 1998) ("Petit larceny is not, per se, a crime involving deceit, dishonesty, or fraud. Consequently, a bare conviction, as present in this instance, reveals little with respect to [plaintiff's] veracity."). "While much successful crime involves some quantum of stealth, all such conduct does not, as a result, constitute a crime of dishonesty or false statement for

7

purposes of Rule 609(a)(2)." *United States v. Estrada*, 430 F.3d 606, 614 (2d Cir. 2005) (citing cases). As to Plaintiff's 2005 misdemeanor conviction for attempted criminal possession of stolen property in the fifth degree -- for which he was sentenced to one year probation -- courts have found this type of conviction inadmissible under Rule 609(a)(2). *See Daniels,* 986 F.Supp. at 249 (finding that "misdemeanor convictions for unauthorized use of a vehicle, *possession of stolen property*, disorderly conduct, resisting arrest, and escape are inadmissible under Rule 609 and may not be used to impeach plaintiff") (emphasis added); 4 *Weissenberger's Federal Evidence* § 609.4 ("It remains doubtful, however, that possessory crimes, such as receiving stolen property or possession of a small amount of marijuana, would be admissible for impeachment purposes under section (a)(2)."). For the foregoing reasons, the Court finds that the misdemeanor convictions and the felony burglary conviction are inadmissible under Fed. R. Evid. 609(a)(2) and Plaintiff's motion to preclude them under this section is GRANTED.

### 2. *Plaintiff's 2013 Robbery Convictions*

In February 2013, Plaintiff pleaded guilty to and was convicted of five counts of robbery in the first degree, one count of attempted robbery in the first degree, and one count of attempted robbery in the second degree. Each of these offenses is designated as a felony under New York law. *See* N.Y. Penal Law §§ 110.05 (attempt), 160.10-160.15 (robbery). Plaintiff received determinate sentences of six years incarceration and five years post-release supervision, with the sentences to run concurrently. *See* Defs.' Opp'n. at 2. The robberies were committed in 2011. Plaintiff asserts that at the time of the assault which underlies this lawsuit, he was a pre-trial detainee still facing charges arising from the 2011 alleged store robberies. Pl.'s Mem. at 5. Introducing the post-incident robbery convictions is, according to Plaintiff, irrelevant to his claims of deliberate indifference, would have little impeachment value and "is otherwise highly

8

prejudicial." *Id*. Defendants argue that "[r]obberies by their very nature involve dishonesty and thus have an impact on the integrity and credibility of a witness." Defs.' Opp'n. at 3-4. As such, Defendants' counsel contends that the probative value of admitting a robbery conviction here (and attempted robbery conviction) outweighs any prejudicial effect. *Id*. at 4. Likewise, Defendants seek to cross-examine the Plaintiff regarding the underlying facts of those convictions for robbery and attempted robbery.

"Rule 609 of the Federal Rules of Evidence governs the admissibility of criminal convictions for impeachment purposes in civil actions." *Maize*, 2012 WL 139261, at *1 (citing *Daniels v. Loizzo,* 986 F.Supp. 245, 249 (S.D.N.Y.1997) (citing 4 *Weinstein's Federal Evidence,* § 609.04[3][a], at 609–36 (1997)). There are two ways in which such evidence can be admitted. The Court has already addressed Rule 609(a)(2). Under Rule 609(a)(1), evidence of prior criminal convictions may be introduced to impeach a witness if the conviction was for a crime "punishable by [death or] imprisonment in excess of one year." *Daniels,* 986 F.Supp. at 249 (citing Fed.R.Evid. 609(a)(1)). That evidence, however, is subject to the balancing test set forth in Federal Rule of Evidence 403, which "provides for the exclusion of relevant evidence if its probative value is 'substantially outweighed' by the danger of unfair prejudice, confusion, or waste of time." *Daniels,* 986 F.Supp. at 248 n. 4 (citing Fed.R.Evid. 403).

The Court looks to the opening language of Rule 609 which states "(a) IN GENERAL. The following rules apply to *attacking a witness's character for truthfulness* by evidence of a criminal conviction . . ." (emphasis added). This language is most significant because it sets the parameter of proper inquiry and reasoning under Rule 609(a)(1) which is the subject of this portion of the Court's analysis. Further, the balancing test of Rule 403 is placed within this context.

9

The robbery convictions here come within the ambit of Rule 609(a)(1) because they are crimes "punishable by [death or] imprisonment in excess of one year." At the outset, this Court finds that the robberies at issue are crimes of violence with little if any bearing on credibility. "As a general rule of thumb, crimes of violence and assaultive behavior have limited probative value concerning a witness's credibility." *Celestin v. Premo*, No. 9:12-CV-301, 2015 WL 5089687, at *2 (N.D.N.Y. Aug. 27, 2015) (citing *United States v. Estrada*, 430 F.3d at 618) (citations omitted). As one court has noted, "courts within this Circuit have different perspectives as to whether the crime of robbery is considered to be a crime that involves dishonesty or false statement." *Id.*; *see Fletcher v. City of New York*, 54 F.Supp.2d 328, 332 (S.D.N.Y. 1999) (citing cases throughout the federal circuits for the conclusion that robbery is not *per se* a crime involving dishonesty).

As noted, Rule 609(a)(1) requires the Court to perform a Rule 403 balancing test, whereby a court may exclude evidence if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice or confusion. FED. R. EVID. 403. Courts within this Circuit have handled the balancing analysis in varying ways. One frequently cited decision is *Daniels v. Loizzo*, 986 F. Supp. 245 (S.D.N.Y. 1997). In *Daniels*, the district judge observed that courts "should consider" a number of other factors including "the nature, age, and severity of the crime and its relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has 'mended his ways' or engaged in similar conduct recently." 986 F. Supp. at 252 (citing *United States v. Mahler*, 579 F. 2d 730, 735 (2d Cir. 1978) and *Sango v. City of New York*, 1989 WL 86695, at *18 (E.D.N.Y. July 25, 1989)). Other courts conducting the probative value/prejudicial effect analysis necessary under Rule 403 have relied on a somewhat differently

worded set of factors including "(1) the impeachment value of the crime, (2) remoteness of the prior conviction, (3) the similarity between the past crimes and the conduct at issue, and (4) the importance of the credibility of the witness." *Picciano v. McLoughlin*, No. 5:07-CV-07812010 WL 4366999, at *4 (N.D.N.Y. Oct. 28, 2010) (quoting *Brundidge v. City of Buffalo*, 79 F. Supp. 2d 219, 226 (W.D.N.Y. 1999)); *Johnson v. White*, 06 Civ. 2540, 2011 WL 13257633, at *1 (S.D.N.Y. Feb. 22, 2011).

The Court has broad discretion in making decisions under the probative value versus prejudicial effect balancing test under Rule 403. *Stephen v. Hanley*, No. 03-CV-6226, 2009 WL 1471180, at *3 (E.D.N.Y. May 21, 2009) (citing *Fiacco v. City of Rensselaer*, 783 F.2d 319, 327-28 (2d. Cir. 1986); *Celestin*, 2015 WL 5089687, at *3 ("Determining whether a conviction can be used to impeach a witness is lodged squarely within the independent discretion of the trial court."). "In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] . . . that it will divert the jury from the facts which should control their verdict.'" *Bensen v. American Ultramar, Ltd.*, No. 92-CIV-4420, 1996 WL 422262, at *6 (S.D.N.Y. July 29, 1996) (quoting *United States v. Krulewitch*, 145 F.2d 76, 80 (2d Cir. 1944)).

The Court is compelled to point out here that it finds little if any relevance under Fed. R. Evid. 402 of Plaintiff's robbery convictions to Plaintiff's claims of deliberate indifference to his safety as well as his medical needs in conjunction with the assault at the Suffolk County Correctional Facility. Defendants maintain that they wish to cross-examine the Plaintiff as to the underlying facts of the first degree robbery conviction in order to "rebut any alleged reason for failing to report about the alleged threats he claims to have encountered. This evidence is admissible to impeach both his credibility and to establish his lack of truthfulness." Defs.'

Opp'n at 4. The Court respectfully disagrees. As the court in *Celestin* noted, the nature of the crimes of robbery and criminal possession of a weapon "do not typically weigh heavily on the matter of truthfulness, as opposed to ruthlessness, and thus have limited insight into credibility." *Celestin*, 2015 WL 5089687, at *3. Moreover, the Court finds no relevance in the underlying facts of the robbery convictions to a purported reason for Plaintiff's not reporting alleged threats made against him while he was incarcerated at the Suffolk County Correctional Facility.

To the contrary, the Court finds that the disclosure of the robbery convictions forecasts substantial prejudice to the Plaintiff in the prosecution of his claims for deliberate indifference to his safety and medical needs. Significantly, the exposure of the nature of these crimes invites "visceral prejudice, and this Court discounts the proposition that being the jury is aware of [plaintiff's] incarceration somehow would ameliorate the gravity of the prejudice that will result from any impeachment of these crimes of violence." *Id*. Since significant prejudice is likely to result across the board if the impeachment sought by Defendants t is permitted, the question becomes whether the danger of undue prejudice substantially outweighs any identifiable probative value. This Court believes that it does. Other than the powerful message presented to the jury that the Plaintiff has a propensity to engage in serious crimes of violence, the Court finds no identifiable relevance or probative value to the information Defendants seek to utilize to impeach the Plaintiff. The Court acknowledges that the versions as to what happened -- or did not happen -- on August 24, 2012 at the Suffolk County Correctional Facility between the Plaintiff, the Defendants, and the three other inmates may be quite different -- and that credibility serves as an essential element in judging which version is more likely the case. However, the Court finds that permitting Defendants to impeach the Plaintiff with crimes that have little to no bearing on truthfulness will be more of a hindrance and more destructive to the truth-seeking

12

function of the jury than a help or benefit -- and will likely confuse the jury. Accordingly, the Court finds that the prejudicial effect of revealing that Plaintiff has a conviction for multiple robberies substantially outweighs any probative value of that information and Defendants are precluded from mentioning these convictions and their underlying facts for impeachment of the Plaintiff at the trial. This portion of Plaintiff's motion *in limine* is therefore GRANTED. The Court will provide an instruction to the jury noting that at the time the incidents which gave rise to this lawsuit took place, the Plaintiff was incarcerated at the Suffolk County Correctional Center – a matter with which they need not concern themselves.

### B.     Evidence of Plaintiff's Past Employment History

Defendants seek to admit, and Plaintiff seeks to exclude, evidence of Plaintiff's history of unemployment leading up to his 2011 arrest for robbery, specifically through Plaintiff's deposition testimony in which he indicated that during this time, he did not maintain gainful employment and had income earned through criminal activity. *See* Defs.' Opp'n. at 6; Pl.'s Mem. at 7. Defendants argue that "plaintiff has not established how questions regarding his employment history standing alone would be irrelevant," and that "[t]here is no precedent that precludes the defendants from inquiry of plaintiff's background information to include his prior employment—or lack thereof." Defs.' Opp'n. at 6. Defendants go so far as to state "[i]t is certainly relevant under F.R.E. 402, 403 or 404 that the jury be provided with basic background information about the plaintiff's employment history." *Id.* Plaintiff disagrees, and points to the obvious risk of prejudice in admitting evidence of prior criminal activity irrelevant to Plaintiff's claims of deliberate indifference to safety/failure to protect, deliberate indifference to serious medical needs, and related state law negligence claims. *See* Pl.'s Mem. at 7.

13

Federal Rule of Evidence 404 prohibits the use of "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait," FED. R. EVID. 404(a)(1), and the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1).

The Supreme Court has set identified four factors for courts to consider him in exercising their discretion under Rule 404, stating that "[p]rior bad-acts evidence must be (1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial. In addition, (4) at defendant's request, the district court should give the jury an appropriate limiting instruction." *United States v. Downing,* 297 F.3d 52, 58 (2d Cir.2002) (citing *Huddleston v. United States,* 485 U.S. 681, 691-92, (1988)). While the Second Circuit "takes an inclusive approach to prior bad act testimony," in that "such testimony can be admitted for any purpose except to show criminal propensity," *United States v. Stevens*, 83 F.3d 60, 68 (2d Cir. 1996), the Court has also instructed that "the third *Huddleston* prong demands a 'particularly searching, conscientious scrutiny' in the context of prior crimes evidence because such evidence poses a particularly severe risk of unfair prejudice." *United States v. Frederick*, 702 F. Supp. 2d 32, 39 (E.D.N.Y. 2009) (quoting *United States v. McCallum*, 584 F.3d 471, 476 (2d Cir. 2009)).

In reviewing Defendants' proffered explanation for the admission of evidence of Plaintiff's unemployment and self-support via robbery, the Court finds that the proffer fails the first requirement of the *Huddleston* test, namely, that the evidence be offered for a proper purpose. In the short section of their Memorandum addressing the admissibility of this evidence, Defendants do not identify a single proper purpose for which the evidence should be admitted. The closest they come is the argument that the evidence "is certainly relevant" so that the jury

14

has "basic background information about the plaintiff's employment history." Defs.' Opp'n. at 6. Rather than identifying a proper purpose, Defendants improperly shift the burden to Plaintiff, arguing that he "has not established how questions regarding his employment history standing alone would be irrelevant." *Id*; *see Steele*, 216 F. Supp. at 326 (explaining that the party seeking to introduce evidence has the burden of establishing its admissibility) (quoting *Hayes*, 553 F.2d at 828). The Court finds there is no proper purpose demonstrated here and that a reasonable deduction can be made that the information is to be utilized to show character and propensity. Any relevance claimed is marginal, at best, since the way Plaintiff maintained himself financially has nothing to do with the incident at the Suffolk County Correctional Facility which is the underlying focus of this lawsuit.

Without addressing whether the evidence is relevant under Rule 402, the fact that no proper purpose has been offered and that the probative value of the evidence is far outweighed by its prejudicial effect requires the Court to preclude its admission pursuant to Rule 404(b).

### C. Evidence of Plaintiff's Prior Lawsuit

In response to Plaintiff's motion seeking to preclude introduction of evidence of a previous lawsuit commenced by Plaintiff against the Suffolk County Police Department, Defendants state that at this time they do not intend to introduce such evidence. *See* Defs.' Opp'n. at 6-7; Pl.'s Mem. at 7. The Court finds it unnecessary therefore to address the admissibility of such evidence.

### D. Evidence of Defendant Torres's Prior Conviction and Failed Drug Test

Defendants' Memorandum in Opposition contains an independent motion to preclude the introduction of evidence of Defendant Corrections Officer Ramona Torres' 2005 DWI conviction, as well as of evidence of Defendant Torres's 2010 failure of a random drug

screening.  *See* Defs.' Opp'n at 7-8.  Plaintiff does not address this evidence in his principal motion, nor has he sought to respond to this aspect of Defendants' motion.

As discussed in detail, *supra*, Federal Rule of Evidence 609 guides admission of evidence of criminal convictions for purposes of attacking a witness's character for truthfulness.  Specifically, Rule 609(a)(1) mandates admission of evidence of felonies, Rule 609(a)(2) mandates admission of evidence of any crime if establishing the elements of the crime requires proving a dishonest act or false statement, and Rule 609(b) acts as a modifier to Rule 609(a) in that it precludes admission of evidence of criminal convictions that are more than ten years old unless the evidence's probative value substantially outweighs its prejudicial effect.  *See* FED. R. EVID. 609(a)(1), FED. R. EVID. 609(a)(2), FED. R. EVID. 609(b)(1).  Based on the information before the Court as stated in Defendants' motion, *see* Defs.' Opp'n. at 7-8, Defendant Torres' conviction for Driving While Intoxicated in 2005 is not admissible under Rule 609, since it is more than ten years old, its probative value for Torres' truthfulness is not apparent, and it does not "substantially outweigh" any potential prejudicial effect.  Similarly, the Court finds that evidence of Defendant Torres' failing a random drug screening in 2010 is not admissible under Rule 609 since it does not appear that this failure and her subsequent 30-day suspension from work constituted a criminal "conviction."  Even if it did, evidence of such a conviction would not be admissible under Rule 609(a)(1) unless it qualified as a felony, and would not be admissible under Rule 609(a)(2) unless it required proof of a dishonest act or false statement -- neither of which appears to be the case given the information before the Court.  In the absence of a proper purpose for the introduction of such evidence, Rule 404 expressly prohibits introduction of prior acts such as a failed drug test.

For the foregoing reasons, Defendants' motion with respect to Defendant Torres' 2005 conviction and 2010 failed drug screening is GRANTED and Plaintiff is precluded from attempting to introduce such information at trial.

## V. CONCLUSION

Based on the foregoing analysis, Plaintiff's motion *in limine* is GRANTED in accordance with this Memorandum, and Defendants' motion *in limine* is also GRANTED.

**SO ORDERED.**

Dated: Central Islip, New York
April 20, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge